MARIO MARTINEZ (SBN 200721)
THOMAS PATRICK LYNCH (SBN 159277)
EDGAR I. AGUILASOCHO (SBN 285567)
ANNA K. WALTHER (SBN 281705)
**MARTINEZ AGUILASOCHO & LYNCH, APLC**
Bakersfield, CA 93304
Telephone: (661) 859 - 1174
Facsimile: (661) 840 - 6154

William C. Callaham, Esq. (SBN60728)
**LAW OFFICE OF WILCOXEN CALLAHAM, LLP**
2114 K Street,
Sacramento, CA 95816
Telephone (916)442-2777; Fax (916)442-4118

GREGORY J.RAMIREZ (SBN 150515)
ALLEN R. BALL (SBN 124088)
**LAW OFFICE OF BALL & YORKE**
1001 Partridge Drive, Suite 330
Ventura, California 93003
Telephone: (805) 642-5177
Facsimile: (805) 642-4622

Attorneys for Plaintiff

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA, FRESNO DIVISION**

| | |
|---|---|
| ISIDRO PANIAGUA, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>DELANO FARMS COMPANY, a Washington State Corporation; CAL-PACIFIC FARM MANAGEMENT, L.P.; T&R BANGI'S AGRICULTURAL SERVICES, INC.; KERN AG LABOR MANAGEMENT, INC., LA VINA CONTRACTING, INC. and DOES 1 through 10 inclusive,<br><br>Defendants. | Case No.:<br><br>**CLASS ACTION COMPLAINT FOR DAMAGES** |

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury and complains as follows:

## JURISDICTION AND VENUE

1. The Court has jurisdiction over Plaintiff's federal claims pursuant to 28 U.S.C.§ 1331 and U.S.C.§1854.The Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C.§ 1367.

2. Venue is proper in this district pursuant to 28 U.S.C.§ 1891(d) because the actions at issue took place in this district.

3. This is properly assigned to the Fresno division of this Court, pursuant to Local Rule 3-120(d), because the action arose in Tulare County and Kern County, California.

## NATURE OF THE CASE

4. This is a Class Action by current and former employees of Defendants CAL-PACIFIC FARM MANAGEMENT, L.P., T&R BANGI'S AGRICULTURAL SERVICES, INC., KERN AG LABOR MANAGEMENT, INC., LA VINA CONTRACTING, INC., and DELANO FARMS COMPANY CO., and DOES 1-50 (collectively "DEFENDANTS") for recovery of unpaid wages and penalties, restitution, attorneys' fees and costs and injunctive relief. Defendants, and each of them, are or have been, engaged jointly in the business of growing and harvesting table grapes on land located primarily in Kern and Tulare Counties, California. Plaintiff and Class Members are seasonal agricultural workers who have worked in Defendants' vineyards and/or packing sheds. On behalf of himself and the Class, Plaintiff complains that Defendants have failed to compensate straight piece rate workers for mandatory rest period time in violation of federal and state wage and hour laws. Plaintiff also complains, on behalf of the Class, that Defendants have committed other violations of applicable law, including failing to keep accurate records of hours worked, and failing to provide itemized wage statements that comport with the requirements of the applicable Industrial Welfare Commission Wage Order and California Labor Code §226.

## PARTIES

5. Plaintiff is a resident of Kern County, State of California. Named Plaintiff and the class members are or were agricultural workers within the meaning of 29 U.S.C § 1802(10), and

are or were employed by DEFENDANTS, within the meaning of 29 U.S.C § 1802 (3), to work in Defendant DELANO FARMS COMPANY's agricultural fields in or near Kern and Tulare Counties, California, at various times from four (4) years prior to the filing of this action to the present ("the relevant period").

6. Plaintiff and the class members are or were non-exempt employees of DEFENDANTS. At all relevant times herein, Plaintiff and the Class Members are or were employed by Defendants as agricultural employees on land owned, leased and/or operated by Defendants in and around the Counties of Kern and Tulare, California.

7. Defendant DELANO FARMS COMPANY is engaged in the ownership and operation of vineyards and/or packing sheds located in and around Kern County and Tulare County, California. At all times mentioned herein, Defendants CAL-PACIFIC FARM MANAGEMENT, L.P., T&R BANGI'S AGRICULTURAL SERVICES, INC., KERN AG LABOR MANAGEMENT, INC., and LA VINA CONTRACTING as a joint employer with DELANO FARMS COMPANY, employed Plaintiff and similarly situated persons as non-exempt employees.

8. DELANO FARMS COMPANY, a Washington corporation, is located and has its principal place of business in Kern County, and is conducting business in good standing in the State of California, including the growth, harvesting and packaging of table grapes for sale in California and elsewhere.

9. Defendant CAL-PACIFIC FARM MANAGEMENT, L.P. is or was engaged in the provision of labor for the operation of vineyards and/or packing sheds located in and around Kern County and Tulare County, California. At all times mentioned herein, CAL-PACIFIC FARM MANAGEMENT, L.P., as a joint employer with DELANO FARMS COMPANY, employed Plaintiff and similarly situated persons as non-exempt employees.

10. CAL-PACIFIC FARM MANAGEMENT is or was located and had its principal place of business in Kern County, and conducted business in good standing in the State of California during the relevant time period.

11. Defendant T&R BANGI'S AGRICULTURAL SERVICES, INC. is or was engaged in the provision of labor for the operation of vineyards and/or packing sheds located in and

around Kern County and Tulare County, California. At all times mentioned herein, T&R BANGI'S AGRICULTURAL SERVICES, INC., as a joint employer with DELANO FARMS COMPANY, employed Plaintiff and similarly situated persons as non-exempt employees.

12. T&R BANGI'S AGRICULTURAL SERVICES, INC. is or was located and has or had its principal place of business in Kern County, and is or was conducting business in good standing in the State of California.

13. KERN AG LABOR MANAGEMENT, INC. is engaged in the provision of labor for the operation of vineyards and/or packing sheds located in and around Kern County and Tulare County, California. At all times mentioned herein, KERN AG LABOR MANAGEMENT, INC. as a joint employer with DELANO FARMS COMPANY, employed Plaintiff and similarly situated persons as non-exempt employees.

14. KERN AG LABOR MANAGEMENT, INC., is located and has its principal place of business in Kern County, and is conducting business in good standing in the State of California.

15. LA VINA CONTRACTING, INC., is engaged in the provision of labor for the operation of vineyards and/or packing sheds located in and around Kern County and Tulare County, California. At all times mentioned herein LA VINA CONTRACTING, INC. as a joint employer with DELANO FARMS COMPANY, employed Plaintiff and similarly situated persons as non-exempt employees. LA VINA CONTRACTING, INC. is located and has its principal place of business in Kern County, and is conducting business in good standing in the State of California.

16. CAL-PACIFIC FARM MANAGEMENT, L.P., T&R BANGI'S AGRICULTURAL SERVICES, INC., KERN AG LABOR MANAGEMENT INC., and LA VINA CONTRACTING have issued payroll checks to the same employees with either the CAL-PACIFIC FARM MANAGEMENT, L.P. name, the T&R BANGI'S AGRICULTURAL SERVICES, INC. name, the name KERN AG LABOR MANAGEMENT, INC., or the LA VINA name. During the relevant time period the Defendants have routinely alternated between these names on paychecks to the same employees for work performed for DELANO FARMS.

17. The true names and capacities, whether individual, corporate, associate or otherwise, of Defendants sued herein as DOES 1 through 10, inclusive, are currently unknown to Plaintiff,

who therefore sues Defendants by such fictitious names. Plaintiff is informed and believes, and based thereon alleges, that each of the Defendants designated herein as a DOE is legally responsible in some manner for the unlawful acts referred to herein. Plaintiff will seek leave of Court to amend this Complaint to reflect the true names and capacities of the Defendants designated as DOE when the same are ascertained.

18. Defendants, and each of them, are and during the relevant time period have been engaged jointly in the business of cultivating, harvesting, packing, and shipping table grapes.

19. With respect to the events at issue in this case, Defendants acted as agents for each other and as joint employers of Plaintiff and class members.

20. As joint employers of Plaintiff and the Class, Defendants DELANO FARMS COMPANY, CAL-PACIFIC FARM MANAGEMENT, L.P., T&R BANGI'S AGRICULTURAL SERVICES, INC., KERN AG LABOR MANAGEMENT, INC., and LA VINA CONTRACTING, INC. are jointly and severally liable for the violations of law described in this Complaint.

## FACTUAL BACKGROUND

21. Plaintiff and the Class Members are, and at all times pertinent hereto have been, non-exempt employees within the meaning of the California Labor Code § 500, et seq., and the rules and regulations of the IWC California Wage Orders. Defendants hire table grape workers who work in Defendants' vineyards, such as, pruners, girdlers, tyers, deleafers, pickers and packers, as well as workers employed to work in the packing shed and cold storage areas.

22. Plaintiff and the Class Members were not compensated for all time worked as a condition of their employment. Specifically, they were not compensated for mandatory rest periods time where total daily work time of workers earning wages under a straight piece rate contract or working arrangement exceeded 3½ hours.[1] As a result, Plaintiff and class members were not provided with legally compliant rest periods while working on a piece rate basis and

[1]Under Bluford v. Safeway Stores, Inc., 216 Cal. App. 4th 864 (2013), employers must "separately compensate" employees for mandatory rest periods while those employees are working on a piece rate basis in order to comply with California law. Bluford, 216 Cal. App. 4th at 872.

therefore were not compensated for all the hours worked. Defendants' failure to pay this compensation was knowing and willful.

23. Plaintiff and the Class are covered by California Industrial Welfare Commission (IWC) Occupational Wage Order No.14-2001 (Title 8 Cal. Code of Reg. § 11050).

24. Defendants have failed to comply with IWC Wage Order 14-2001(7) by failing to maintain time records showing when the employee begins and ends each work period and total daily hours worked by itemizing in wage statements all deductions from payment of wages and accurately reporting total hours worked by Plaintiff and the members of the proposed Class.

25. Defendants have failed to comply with IWC Wage Order 14-2001 (12) by failing to count mandatory rest periods time as hours worked. Defendants have also failed to separately compensate, account for, and document payment to employees for mandated rest periods of employees working under a straight piece rate contract or working arrangement.

26. Plaintiff and members of the proposed class were not advised of their right to take rest or recovery breaks during piece rate work, rest and recovery breaks were not made available during piece rate work, and/or Plaintiff and the proposed class were discouraged or otherwise prevented from taking such breaks during piece rate work, within the meaning of Labor Code section 226.3(g)(3).

## CLASS ACTION ALLEGATIONS

27. Plaintiff brings this action on behalf of himself and all others similarly situated as a Class Action pursuant to Rule 23(a) and 23(b)(3) of the F.R.C.P. The Plaintiff satisfies the requirements of Rule 23(a) and (b)(3) for the prosecution of this action as a Class Action. Plaintiff seeks to represent one class composed of and defined as follows: All agricultural employees who are or have been employed, and who have worked one or more shifts as non-exempt hourly and/or piece rate workers for DEFENDANTS DELANO FARMS COMPANY,CAL-PACIFIC FARM MANAGEMENT, L.P., T & R BANGI AG SERVICES, INC., KERN AG LABOR MANAGEMENT, INC., and/or LA VINA CONTRACTING, INC., in the State of California from four (4) years prior to the filing of this action.

28. Plaintiff reserves the right to amend or modify the class description with greater specificity or further division into subclasses or limitation to particular issues.

**A. Numerosity**

29. The potential members of the Class as defined are so numerous that joinder of all the members of the Class is impracticable. While the precise number of Class members has not been determined at this time, Plaintiff is informed and believe, and based upon such information and belief thereupon alleges that Defendants, during the relevant time period, employed over 5,000 agricultural workers who worked on a piece rate basis.

30. Plaintiff alleges that Defendants' employment records would provide information as to the number and location of all Class members. Joinder of all members of the proposed Class is not practicable.

31. Plaintiff alleges that Defendants' employment records, payment histories, accounting records, and/or other evidence and documents will demonstrate that employees who worked for Defendants' on a straight piece rate basis during the remedial period, were not paid wages earned during mandatory rest periods under IWC 14-2001 (12), where total daily work time exceeded 3½ hours. Plaintiff also alleges that Defendants did not separately account for those earned, but unpaid, wages on itemized wage statements.

32. Plaintiff also alleges that he and members of the proposed class were not advised of their right to take rest or recovery breaks during piece rate work, rest and recovery breaks were not made available during piece rate work, and/or Plaintiff and the proposed class were discouraged or otherwise prevented from taking such breaks during piece rate work, within the meaning of Labor Code section 226.3(g)(3).

**B. Commonality**

33. There are questions of law and fact common to the Class that predominate over any questions affecting only individual Class members. These common questions of law and fact include, without limitation:

(a) Whether Defendants violated the Migrant And Seasonal Agricultural Worker Protection Act 29 U.S.C.§ 1801 et seq.(AWPA) by failing to pay wages due to class members for all hours worked, when they failed to pay Plaintiff and Class Members working under a straight

piece rate contract or working arrangement for time spent on IWC 14-2001 (12) mandated rest periods when a worker's total daily work time equaled 3½ hours or more;

(b) Whether Defendants violated California Labor Code § 226 by failing either (a) to maintain time records showing when the employee begins and ends each work period and total daily hours worked for all members of the proposed Class, whether paid on an hourly, hourly plus bonus or straight piece rate basis, and by failing to itemize in wage statements all deductions from payment of wages and accurately report total hours worked by Plaintiff and the members of the proposed Class; and/or (b) failing to maintain records showing that workers employed on a straight piece rate basis were separately compensated for rest periods;

(c) Whether Defendants violated §§ 201- 203 by failing to pay compensation due and owing at the time that any Class Member's employment with Defendants terminated;

(d) Whether Defendants violated § 17200, et seq., of the Business & Professions Code by engaging in the acts previously alleged;

(e) Whether Plaintiff and the Members of the Class are entitled to equitable relief pursuant to Business & Professions Code § 17200, et.seq.;

(f) Whether Plaintiff and the Members of the Class, when working under a straight piece rate contract or working arrangement, were entitled to payment for the time spent during each rest period mandated by IWC 14-2001 (12) on days when total daily work time equaled 3½ hours or more.

(g) Whether Defendants violated Labor Code §§221 and/or 223 by failing to pay Plaintiff and Class Members for time spent during mandated rest periods, where Plaintiff and Class Members worked under a straight piece rate contract or working arrangement and total daily work time equaled 3½ hours or more.

(h) Whether Defendants owe premium pay to Plaintiff and Class Members under Labor Code §226.7; and whether Defendants owe penalties or other costs to Plaintiff and the Class Members who worked under a straight piece rate contract or working arrangement, by failing to pay them wages due for mandatory rest periods time, where total daily work time equaled 3½ hours or more.

**C. Typicality**

34. The claims of the Named Plaintiff are typical of the claims of the Class. Plaintiff and all Members of the Class sustained damages arising out of and caused by Defendants' common course of conduct in violation of laws and regulations that have the force and effect of law and statutes as alleged herein.

**D. Adequacy of Representation**

35. Plaintiff will fairly and adequately represent and protect the interests of the Members of the Class. Counsel representing Plaintiff are competent and experienced in litigating large employment Class Actions, and in litigating Class Actions involving agricultural employees.

**E. Superiority of Class Action**

36. A Class Action is superior to other available means for the fair and efficient adjudication of this controversy. Individual joinder of all Class Members is not practicable, and questions of law and fact common to the Class predominate over any questions affecting only individual members of the Class.

37. Class Action treatment will allow those similarly situated persons to litigate their claims in the manner that is most efficient and economical for the parties and the judicial system. Plaintiff is unaware of any difficulties that are likely to be encountered in the management of this action that would preclude its maintenance as a Class Action.

**FACTS**

38. During the relevant period, DEFENDANTS have cultivated, harvested, packed, and shipped agricultural commodities, including table grapes, on agricultural land located in or near Kern and Tulare Counties, California, for fresh market sale. Defendants sell and ship their agricultural produce to various parts of California and other states of the United States.

39. During the relevant period, DEFENDANTS have employed, as that term is used in 29 U.S.C. § 1892(3), hundreds of seasonal agricultural workers in its girdling, tying, pruning, harvesting and field packing and packaging operations.

40. During the relevant period, many of Defendants' field laborers have quit their employment during or between the various table grape seasons, or have been discharged or laid off at the end of each season.

41. During the relevant period, Named Plaintiff and the Class he represents have engaged in agricultural employment, as that term is used in 29 U.S.C. § 1802(3), on agricultural land owned or operated by Defendants.

42. During the relevant class period, Plaintiff and the Class he represents have entered into working arrangements with Defendants to perform agricultural work for compensation, at times, on a straight piece-rate basis. These arrangements are formed and entered into each season, at least once, and in many cases more than once each year, at or near the time Named Plaintiff and the Class Members are hired by Defendants. Under the working arrangements, which are also oral employment contracts, Defendants offer Plaintiff and other agricultural workers jobs in their agricultural operations, and Plaintiff and other agricultural workers accept the job offers. By words, conduct, practice, or custom and usage, it is understood by the parties that Defendants will pay Plaintiff and other piece rate workers for all work performed, consistent with federal and state law. Said contracts are and were working arrangements as that term is used in the Migrant and Seasonal Agricultural Worker Protection Act, 29 U.S.C.§ 1932(c). In addition, by words, conduct, practice, or custom and usage, including but not limited to posting the IWC Wage Order 14-2001 at the place of employment, Defendants communicated to agricultural workers that they would abide by the terms contained therein. Such posting of the IWC Wage Order 14-2001 was and is a "working arrangement" as that term is used in the Migrant and Seasonal Agricultural Worker Protection Act, 29 U.S.C.§ 1932(c). This "arrangement" required Defendants to pay agricultural workers their agreed-upon wages for all work performed, and to abide in all respects with the wage order. Further, Defendants were obligated to include payment of wages to straight piece rate workers for mandatory rest periods time pursuant to IWC Wage Order 14-2001 (12), and to abide in all respects with the IWC Wage

Order 14-2001, including in regard to wage statement requirements, which formed part of the working arrangements. [2]

43. During the relevant period, Defendants have failed to pay all wages due to their agricultural workers and have failed to keep accurate time records. Specifically, Defendants have failed to pay their field workers working on a straight piece-rate basis wages due for mandatory rest periods time, where total daily work time equaled 3½ hours or more.

44. Pursuant to California law, Plaintiff and Class Members were entitled to be paid for the rest periods time, ten (10) minutes for every four (4) hours worked or major fraction thereof, where total daily work exceeded 3½ hours. Named Plaintiff, Isidro Paniagua, and thousands of Class Members, worked on a straight piece rate basis during the remedial period, without being paid wages for their rest periods time as required by California law.[3] When Plaintiff and Class Members worked under a straight piece rate contract or working arrangement, they only earned money for "pieces." Defendants did not separately pay wages for rest periods time or account for the mandatory rest periods time in itemized wage statements as required by California law.

45. Each year during the relevant period, Plaintiff and the Class have worked under employment contracts with Defendants. The parties have entered into the contracts each year, and frequently more than once a year, at or near the time each of the Named Plaintiff and other workers have been hired by Defendants. The employment contracts have provided that Defendants would pay Plaintiff and other piece-rate workers, often performing girdling, pruning, tying, or other non-harvest jobs, on a piece rate basis.

## FIRST CAUSE OF ACTION

## VIOLATION OF MIGRANT AND SEASONAL AGRICULTURAL WORKER PROTECTION ACT (29 U.S.C.§ 1801, ET SEQ.)

46. Plaintiff incorporates every allegation in this Complaint as though fully set forth herein.

[2] *Bluford*, *Id.*, 216 Cal. App. 4th at 872.
[3] *Bluford*, *Id.*, 216 Cal. App. 4th at 872

47. Defendants intentionally violated the Migrant and Seasonal Agricultural Worker Protection Act by:

(a) failing to pay wages when due to Plaintiff and Class Members, as required by 29 U.S.C.§ 1832(a);

(b) failing to keep accurate time and wage records for all work performed by Plaintiff and the Class Members and failing to provide them with accurate, itemized statements of each pay period, as required by 29 U.S.C.§ 1831(c)(1-2);

(c) providing to Plaintiff and the Class Members false and misleading information required to be disclosed by 29 U.S.C.§ 1831(c); and

(d) violating the terms of the working arrangements made with Plaintiff and Class Members, in violation of 29 U.S.C.§ 1832(c).

## SECOND CAUSE OF ACTION

## FAILURE TO PAY WAGES

48. Plaintiff incorporates every allegation in this Complaint as though fully set forth herein.

49. By common conduct, practice, custom, or usage, including by the posting of IWC Wage Order 14-2001, it has been agreed that Defendants would pay Plaintiff and Class Members their agreed-upon wages for all work performed, including wages due for mandatory rest period time while working on a piece rate basis as required by California law.

50. Defendants have breached the employment contracts by failing to pay Plaintiff and Class Members wages due, causing damages to Plaintiff and the Class.

51. As a result of the unlawful acts of Defendants, Plaintiff and Class Members have been deprived of wages in amounts to be determined at trial and are entitled to recovery of such amounts, plus interest and penalties thereon, attorneys' fees and costs, pursuant to Labor Code §§ 1194.2(a) and/or 218.5.

## THIRD CAUSE OF ACTION

## FAILURE TO COMPENSATE FOR REST BREAKS PURSUANT TO LABOR CODE §226. 7 AND WAGE ORDER 14-2001 (8 C.C.R. § 11140)

52. Plaintiff incorporates each and every allegation set forth in all of the foregoing

paragraphs as if fully set forth herein.

53. Labor Code §226.7 and IWC Wage Order 14-2001 require an employer to provide pay for rest periods time to piece rate employees.[4] Where an employer fails to provide a rest period in accordance with any California state law, the employer shall pay the employee one additional hour of pay for each workday on which a violation occurred. Plaintiff and Class Members were entitled to a paid ten (10) minute rest break for every four (4) hours worked or major fraction thereof, where total daily work time exceeded 3½ hours. Defendants failed to pay this hourly pay to Plaintiff and Class Members, Defendants' piece-rate employees.

54. Plaintiff and Class Members, agricultural workers paid on a piece-rate, were not provided rest periods in accordance with California state law. Piece rate work by Plaintiff and Class Members regularly exceeded a total daily work time of 3½ hours. Plaintiff and Class Members were not compensated for any rest periods time while working under a straight piece rate contract or working arrangement during the relevant period. Employee pay stubs and employer records do not reflect separate payment for rest periods time where employees worked under a straight piece rate contract or working arrangement.

55. Pursuant to Labor Code §226. 7, Plaintiff and Class Members are entitled to damages of premium pay in an amount equal to one (1) hour of wages for each workday on which such a violation occurred, in a sum to be proven at trial.

## FOURTH CAUSE OF ACTION

## FAILURE TO KEEP ACCURATE INFORMATION AND TO PROVIDE ACCURATE STATEMENTS OF ALL HOURS WORKED AND WAGES EARNED IN VIOLATION OF CALIFORNIA LABOR CODE § 226 AND IWC WAGE ORDER 14-2001

56. Plaintiff incorporates every allegation in this Complaint as though fully set forth herein.

57. In pertinent part, Wage Order 14, paragraph 14 (a) provides, and during the relevant period, provided that every employer shall keep accurate information with respect to

[4] *Bluford, Id.*, 216 Cal. App. 4th at 872

each employee including the following: time records showing when the employee begins and ends each work period, total hours worked in the payroll period, and when a piece rate or incentive plan is in operation, piece rates or an explanation of the incentive plan formula shall be provided to employees.

58. Each pay period during the relevant period, Defendants have violated IWC Wage Order 14 by failing to keep accurate information with respect to, among other things, when Plaintiff and Class members were to be paid for rest periods while working on a piece rate basis.

59. In pertinent part, California Labor Code § 226(a) provides, and during the relevant period provided: Every employer shall, semimonthly or at the time of each payment of wages, furnish each of his or her employees...an accurate itemized statement in writing showing (1) gross wages earned, (2) total hours worked by the employee,...(3) the number of piece-rate units earned and any applicable piece rate if the employee is paid on a piece-rate basis ...(5) net wages earned...(9) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee.

60. Each pay period during the relevant period, Defendants have violated § 226 by failing to provide to Plaintiff and the Class Members accurate statements showing, among other things, hours worked and wages earned. In addition, as set forth above and in the Third Cause of Action, Defendants failed to separately and properly pay for rest periods and account for rest periods paid where employees were working under a straight piece rate contract or working arrangement.

**<u>FIFTH CAUSE OF ACTION</u>**

**WAITING TIME PENALTIES UNDER LABOR CODE § 203**

61. Plaintiff incorporates every allegation in this Complaint as though fully set forth herein.

62. Plaintiff and other Class Members were laid off at the end of each harvest season. Other Members of the Class are no longer employed by Defendants, as they were either fired or quit Defendants' employ. In each case, Defendants failed to pay employees all wages due them upon their permanent or seasonal separation from employment.

63. Defendants' failure to pay wages as alleged above was willful in that Defendants, and each of them, knew wages to be due but failed to pay them, thus entitling Plaintiff and the Class to penalties under Labor Code § 203, which provides that an employee's wages shall continue as a penalty until paid for a period of up to thirty (30) days from the time they were due.

64. Defendants have failed to pay Plaintiff a sum certain at the time of termination or lay off or within seventy-two (72) hours of their resignation and have failed to pay those sums for thirty (30) days thereafter. Pursuant to the provisions of Labor Code § 203, Plaintiff and Class Members are entitled to a penalty in the amount of the daily wage multiplied by thirty (30) days for each time an employee was terminated, seasonally laid off, and/or quit and were not paid all wages earned.

## SIXTH CAUSE OF ACTION

## UNFAIR COMPETITION PURSUANT TO BUSINESS & PROFESSIONS CODE § 17200

65. Plaintiff incorporates every allegation in this Complaint as though fully set forth herein.

66. Plaintiff bring this claim pursuant to Business & Professions Code § 17200, et seq. The conduct of all Defendants as alleged in this Complaint has been, and continues to be, unfair, unlawful, and harmful to Plaintiff, the general public, and the Class. Plaintiff seeks to enforce important rights affecting the public interest within the meaning of Cal. Code of Civil Procedure § 1021.5.

67. Plaintiff is a "person" within the meaning of Business & Professions Code § 17204 and therefore has standing to bring this cause of action for injunctive relief, restitution, and other appropriate equitable relief.

68. Business & Profession Code § 17200, et seq. prohibits unlawful and unfair business practices.

69. Wage and hour laws express fundamental public policies. Paying employees the proper wages, including paying piece-rate employees for mandatory rest periods, is a fundamental public policy of this state and of the United States. Labor Code § 90.5(a) articulates the public policies of this state to vigorously enforce minimum labor standards, to ensure that employees are not required or permitted to work under substandard and unlawful conditions, and

to protect law-abiding employers and their employees from competitors who lower their costs by failing to comply with minimum labor standards.

70. Defendants have violated statutes, regulations and public policies. Through the conduct alleged in this Complaint, Defendants, and each of them, have acted contrary to these public policies, have violated specific provisions of the Labor Code and have engaged in other unlawful and unfair business practices in violation of Business & Profession Code § 17200, et seq., depriving Plaintiff, all persons similarly situated, and all interested persons, of rights, benefits, and privileges guaranteed to all employees under the law.

71. Defendants' conduct, as alleged herein and above, constitutes unfair competition in violation of § 17200, et.seq., of the Business & Professions Code.

72. Defendants, by engaging in the conduct alleged, either knew or in the exercise of reasonable care should have known that the conduct was unlawful, and have violated § 17260, et.seq., of the Business & Professions Code.

73. As a proximate result of the above mentioned acts of Defendants, Plaintiff and others similarly situated have been damaged.

74. Unless restrained by this Court, Defendants will continue to engage in the unlawful conduct as alleged above. Pursuant to the Business & Professions Code, this Court should make such orders or judgments, including the appointment of a receiver, as may be necessary to prevent the use or employment, by Defendants or their agents or employees, of any unlawful or deceptive practices prohibited by the Business & Professions Code, and/or, including, but not limited to, disgorgement of ill-gotten gain which may be necessary to restore Plaintiff and the Class Members to the money Defendants have unlawfully failed to pay.

**RELIEF REQUESTED**

WHEREFORE, Plaintiff prays for the following relief:

1. For compensatory damages in the amount of Plaintiff's and each Class Member's unpaid wages, from at least four (4) years prior to the filing of this action to the present as may be proven;

2. For liquidated damages pursuant to Labor Code § 1194.2(a) in an amount equal to the minimum wage compensation unlawfully unpaid from four (4) years prior to the filing of this action to the present, as may be proven;
3. For penalties pursuant to Labor Code § 203 for Plaintiff and all Class Members who were terminated or resigned equal to their daily wage times thirty (30) days for each time they left Defendants' employ;
4. An award of prejudgment and post judgment interest;
5. An order enjoining Defendants and their agents, servants, and employees, and all persons acting under, in concert with, or for them (a) from failing to provide rest periods in accordance with California law [5], including failure to pay wages for mandatory rest periods; and (b) from providing wage statements that fail to comport with IWC 14-2001 and Labor Code § 226.
6. For penalties pursuant to Labor Code § 226.
7. For restitution for unfair competition pursuant to Business & Professions Code § 17200, including disgorgement or profits, in an amount as may be proven;
8. An award of liquidated damages under Labor Code § 1194.2 (a);
9. For premium pay for unpaid rest periods pursuant to Labor Code 226.7;
10. An award providing for payment of costs of suit;
11. An award of attorneys' fees; and
12. Such other and further relief as this Court may deem proper and just.

Date: June 23, 2016

MARTINEZ AGUILASOCHO & LYNCH, APLC

/s/ Mario Martinez

Mario Martinez
Anna K. Walther

Attorneys for Plaintiff

[5] *Bluford*, 216 Cal. App. 4th at 872