McCormick, Barstow, Sheppard,
Wayte & Carruth LLP
D. Greg Durbin, #81749
greg.durbin@mccormickbarstow.com
Laura A. Wolfe, #266751
laura.wolfe@mccormickbarstow.com
7647 North Fresno Street
Fresno, California 93720
Telephone: (559) 433-1300
Facsimile: (559) 433-2300

Attorneys for Defendants Cal-Pacific Farm Management, L.P., T&R Bangi's Agricultural Services, Inc. and Kern Ag Labor Management, Inc.

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA, FRESNO DIVISION

| | |
|---|---|
| ISIDRO PANIAGUA individually, and on behalf of all other similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>DELANO FARMS COMPANY, a Washington State Corporation; CAL-PACIFIC FARM MANAGEMENT, L.P.; T&R BANGI'S AGRICULTURAL SERVICES, INC., KERN AG LABOR MANAGEMENT, INC., LA VINA CONTRACTING, INC. and DOES 1 through 10, inclusive,<br><br>Defendants. | Case No. 1:16-CV-00907-DAD-JLT<br><br>**DEFENDANTS CAL-PACIFIC FARM MANAGEMENT, L.P., T&R BANGI'S AGRICULTURAL SERVICES, INC. AND KERN AG LABOR MANAGEMENT, INC.'S ANSWER TO PLAINTIFF'S CLASS ACTION COMPLAINT FOR DAMAGES**<br><br>**DEMAND FOR JURY TRIAL** |

Defendants CAL-PACIFIC FARM MANAGEMENT, L.P., T&R BANGI'S AGRICULTURAL SERVICES, INC. and KERN AG LABOR MANAGEMENT, INC. (collectively "Kern Ag") respond to Plaintiff ISIDRO PANIAGUA's ("Plaintiff") Class Action Complaint for Damages as follows:

**JURISDICTION AND VENUE**

1. Answering paragraph 1, Kern Ag admits that the Court has subject-matter jurisdiction over this matter. All remaining allegations contained in paragraph 1 of Plaintiff's Complaint are denied.

2. Answering paragraph 2, Kern Ag admits that the Complaint alleges actions as having

taken place in the Eastern District of California but denies those factual allegations. All remaining allegations contained in paragraph 2 of Plaintiff's Complaint are denied.

3. Answering paragraph 3, Kern Ag admits that the Complaint alleges actions as having taken place in the Tulare County and Kern County, California but denies those factual allegations. All remaining allegations contained in paragraph 3 of Plaintiff's Complaint are denied.

**NATURE OF THE CASE**

4. Answering paragraph 4, Kern Ag admits that it has been engaged in the business of growing and harvesting table grapes on land located primarily in Kern and Tulare Counties, California. Kern Ag also admits that plaintiff and class members are seasonal agricultural workers who have worked for Kern Ag. Except as so admitted, Kern Ag denies each and every remaining allegation contained in paragraph 4.

**PARTIES**

5. Answering paragraph 5, Kern Ag is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein, and on that basis denies each and every allegation in paragraph 5 of Plaintiff's Complaint.

6. Answering paragraph 6, Kern Ag is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein, and on that basis denies each and every allegation in paragraph 6 of Plaintiff's Complaint.

7. Answering paragraph 7, Kern Ag admits that Delano Farms Company is engaged in the ownership and operation of vineyards and/or packing sheds located in and around Kern County and Tulare County, California. Kern Ag admits that during the relevant time period Kern Ag Labor Management Inc. employed Plaintiff and similarly situated persons as nonexempt employees. As to the remaining allegations contained in paragraph 7, Kern Ag is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and on that basis denies each and every remaining allegation in paragraph 7 of Plaintiff's Complaint.

8. Answering paragraph 8, Kern Ag is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein, and on that basis denies each and every allegation in paragraph 8 of Plaintiff's Complaint.



McCormick, Barstow, Sheppard, Wayte & Carruth LLP
7647 North Fresno Street
Fresno, CA 93720

9. Answering paragraph 9, Kern Ag admits that defendant Cal Pacific Farm Management, LP was engaged in the provision of labor for the operation of vineyards and/or packing sheds located in and around Kern County and Tulare County, California. Except as so admitted, Kern Ag denies each and every remaining allegation contained in paragraph 9 of Plaintiff's Complaint.

10. Answering paragraph 10, Kern Ag admits that Cal Pacific Farm Management, LP was located and had its principal place of business in Kern County, and conducted business in good standing in the State of California. Except as so admitted, Kern Ag denies each and every remaining allegation contained in paragraph 10 of Plaintiff's Complaint.

11. Answering paragraph 11, Kern Ag admits that Defendant T&R Bangi's Agricultural Services, Inc. was engaged in the provision of labor for the operation of vineyards and/or packing sheds located in or around Kern County and Tulare County, California. Except as so admitted, Kern Ag denies each and every remaining allegation contained in paragraph 11 of Plaintiff's Complaint.

12. Answering paragraph 12, Kern Ag admits that T&R Bangi's Agricultural Services, Inc. was located in and had its principal place of business in Kern County, and was conducting business in good standing in the State of California. Except as so admitted, Kern Ag denies each and every remaining allegation contained in paragraph 12 of Plaintiff's Complaint.

13. Answering paragraph 13, Kern Ag admits that it was engaged in the provision of labor for the operation of vineyards and/or packing sheds located in and around Kern County and Tulare County, California. Kern Ag further admits that Kern Ag Labor Management, Inc. employed Plaintiff and similarly situated persons as non-and exempt employees. Except as so admitted, Kern Ag denies each and every remaining allegation contained in paragraph 13 of Plaintiff's Complaint.

14. Answering paragraph 14, Kern Ag admits the allegations contained in paragraph 14 of Plaintiff's Complaint.

15. Answering paragraph 15, Kern Ag is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein, and on that basis deny each and every allegation of paragraph 15 of Plaintiff's Complaint.

16. Answering paragraph 16, Kern Ag admits that T&R Bangi's Agricultural Services Inc., Cal Pacific Farm Management LP, and Kern Ag Labor Management Inc., have issued payroll checks



McCormick, Barstow, Sheppard, Wayte & Carruth LLP
7647 North Fresno Street
Fresno, CA 93720

to employees with either the T&R Bangi's Agricultural Services, Inc., Cal Pacific Farm Management LP, or Kern Ag Labor Management, Inc. name. Except as so admitted, Kern Ag denies each and every remaining allegation contained in paragraph 16 of Plaintiff's Complaint.

17. Answering paragraph 17, Kern Ag is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein, and on that basis deny each and every allegation of paragraph 17 of Plaintiff's Complaint.

18. Answering paragraph 18, Kern Ag admits that during the relevant time period, Kern Ag Labor Management, Inc. has engaged in the business of cultivating harvesting and packing table grapes and has contracted with defendant Delano Farms Company to provide labor in connection with that work. Except as so admitted, Kern Ag denies each and every remaining allegation contained in paragraph 18 of Plaintiff's Complaint.

19. Answering paragraph 19, Kern Ag admits that it employed plaintiff and class members. Except as so admitted, Kern Ag denies and every remaining allegation contained in paragraph 19 of Plaintiff's Complaint.

20. Answering paragraph 20, Kern Ag denies each and every allegation contained in paragraph 20 of Plaintiff's Complaint.

## FACTUAL BACKGROUND

21. Answering paragraph 21, Kern Ag admits that Plaintiff and putative class members as defined are non-exempt employees within the meaning of the California Labor Code and that rules and regulations of the IWC California Wage Orders. Kern Ag also admits that it hires table grape workers who work in Delano Farms Company's vineyards, such as pruners, girdlers, tyers, deleafers, pickers and packers, as well as workers employed to work in the packing shed and cold storage areas. Except as so admitted, Kern Ag denies each and every remaining allegation contained in paragraph 21 of Plaintiff's Complaint.

22. Answering paragraph 22, Kern Ag denies each and every allegation contained in paragraph 22 of Plaintiff's Complaint.

23. Answering paragraph 23, Kern Ag is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein, and on that basis denies each and



McCormick, Barstow, Sheppard, Wayte & Carruth LLP
7647 North Fresno Street
Fresno, CA 93720

every allegation of paragraph 23 Plaintiff's Complaint.

24. Answering paragraph 24, Kern Ag denies each and every allegation contained in paragraph 24 of Plaintiff's Complaint.

25. Answering paragraph 25, Kern Ag denies each and every allegation contained in paragraph 25 of Plaintiff's Complaint.

26. Answering paragraph 26, Kern Ag denies each and every allegation contained in paragraph 26 of Plaintiff's Complaint.

**CLASS ACTION ALLEGATIONS**

27. Answering paragraph 27, Kern Ag is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein, and on that basis denies each and every allegation in paragraph 27 of Plaintiff's Complaint.

28. Answering paragraph 28, Kern Ag is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein, and on that basis denies each and every allegation in paragraph 28 of Plaintiff's Complaint.

**A. Numerosity**

29. Answering paragraph 29, Kern Ag is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein, and on that basis denies each and every allegation in paragraph 29 of Plaintiff's Complaint.

30. Answering paragraph 30, Kern Ag admits that Kern Ag Labor Management, Inc. employment records would contain information that would be relevant in determining the number and location of putative class members. Except as so admitted, Kern Ag denies each and every remaining allegation in paragraph 30 of Plaintiff's Complaint.

31. Answering paragraph 31, Kern Ag denies each and every allegation contained in paragraph 31 of Plaintiff's Complaint.

32. Answering paragraph 32, Kern Ag denies each and every allegation contained in paragraph 32 of Plaintiff's Complaint.

**B. Commonality**

33. Answering paragraph 33, Kern Ag is without knowledge or information sufficient to



McCormick, Barstow, Sheppard, Wayte & Carruth LLP
7647 North Fresno Street
Fresno, CA 93720

form a belief as to the truth of the allegations contained therein, and on that basis denies each and every allegation in paragraph 33 of Plaintiff's Complaint.

**C. Typicality**

34. Answering paragraph 34, Kern Ag is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein, and on that basis denies each and every allegation in paragraph 34 of Plaintiff's Complaint.

**D. Adequacy of Representation**

35. Answering paragraph 35, Kern Ag is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein, and on that basis denies each and every allegation in paragraph 35 of Plaintiff's Complaint.

**E. Superiority of Class Action**

36. Answering paragraph 36, Kern Ag is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein, and on that basis denies each and every allegation in paragraph 36 of Plaintiff's Complaint.

37. Answering paragraph 37, Kern Ag is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein, and on that basis denies each and every allegation in paragraph 37 of Plaintiff's Complaint.

**FACTS**

38. Answering paragraph 38, Kern Ag admits that during the relevant period, Kern Ag Labor Management, Inc. has provided labor to Delano Farms Company used to cultivate, harvest, and pack agricultural commodities, including table grapes, on agricultural land located in or near Kern and Tulare Counties, California, for fresh market sale. Kern Ag is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 38, and on that basis denies each and every remaining allegation therein.

39. Answering paragraph 39, Kern Ag admits that during the relevant period, Kern Ag Labor Management, Inc. has employed hundreds of seasonal agricultural workers in its girdling, tying, pruning, harvesting and field packing and packaging operations. Except as so admitted, Kern Ag denies the remaining allegations contained in paragraph 39 of Plaintiff's Complaint.



McCormick, Barstow, Sheppard, Wayte & Carruth LLP
7647 North Fresno Street
Fresno, CA 93720

40. Answering paragraph 40, Kern Ag is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein, and on that basis denies each and every allegation in paragraph 40 of Plaintiff's Complaint.

41. Answering paragraph 41, Kern Ag is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein, and on that basis denies each and every allegation in paragraph 41 of Plaintiff's Complaint.

42. Answering paragraph 42, Kern Ag admits that Plaintiff and putative class members have entered into working arrangements with Kern Ag Labor Management, Inc. to perform agricultural work for compensation, at times, on a straight piece-rate basis. Except as so admitted, Kern Ag is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained therein, and on that basis denies each and every remaining allegation in paragraph 42 of Plaintiff's Complaint.

43. Answering paragraph 43, Kern Ag denies each and every allegation contained in paragraph 43 of Plaintiff's Complaint.

44. Answering paragraph 44, Kern Ag denies the allegations in this paragraph to the extent that they purport to summarize the applicable law or the various defendants' legal obligations.

45. Answering paragraph 45, Kern Ag is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein, and on that basis deny each and every allegation contained in paragraph 45 of Plaintiff's Complaint.

## **<u>FIRST CAUSE OF ACTION</u>**

## **VIOLATION OF MIGRANT AND SEASONAL AGRICULTURAL WORKER PROTECTION ACT (29 U.S.C. § 1801, ET SEQ.)**

46. Answering paragraph 46, Kern Ag incorporates by reference each admission, denial and allegation set forth in paragraphs 1 through 45 above.

47. Answering paragraph 47, Kern Ag denies each and every allegation contained in paragraph 47 of Plaintiff's Complaint.

///

///



MCCORMICK, BARSTOW, SHEPPARD, WAYTE & CARRUTH LLP
7647 NORTH FRESNO STREET
FRESNO, CA 93720

**SECOND CAUSE OF ACTION**

**FAILURE TO PAY WAGES**

48. Answering paragraph 48, Kern Ag incorporates by reference each admission, denial and allegation set forth in paragraphs 1 through 47 above.

49. Answering paragraph 49, Kern Ag is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein, and on that basis denies each and every allegation contained in paragraph 49 of Plaintiff's Complaint.

50. Answering paragraph 50, Kern Ag denies each and every allegation contained in paragraph 50 of Plaintiff's Complaint.

51. Answering paragraph 51, Kern Ag denies each and every allegation contained in paragraph 51 of Plaintiff's Complaint.

**THIRD CAUSE OF ACTION**

**FAILURE TO COMPENSATE FOR REST BREAKS PURSUANT TO LABOR CODE §226.7 AND WAGE ORDER 14-2001 (8 C.C.R. 8 11140)**

52. Answering paragraph 52, Kern Ag incorporates by reference each admission, denial and allegation set forth in paragraphs 1 through 51 above.

53. Answering paragraph 53, Kern Ag is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein, and on the basis denies each and every allegation contained in paragraph 53 of Plaintiff's Complaint.

54. Answering paragraph 54, Kern Ag denies each and every allegation contained in paragraph 54 of Plaintiff's Complaint.

55. Answering paragraph 55, Kern Ag denies each and every allegation contained in paragraph 55 of Plaintiff's Complaint.

**FOURTH CAUSE OF ACTION**

**FAILURE TO KEEP ACCURATE INFORMATION AND TO PROVIDE ACCURATE STATEMENTS OF ALL HOURS WORKED AND WAGES EARNED IN VIOLATION OF CALIFORNIA LABOR CODE §226 AND IWC WAGE ORDER 14-2001**

56. Answering paragraph 56, Kern Ag incorporates by reference each admission, denial and allegation set forth in paragraphs 1 through 55 above.



McCormick, Barstow, Sheppard, Wayte & Carruth LLP
7647 North Fresno Street
Fresno, CA 93720

57. Answering paragraph 57, Kern Ag denies the allegations in this paragraph to the extent that they purport to summarize the applicable law or the various defendants' legal obligations. To the extent the allegations in this paragraph concern other defendants, they do not require a responsive pleading from Kern Ag, and Kern Ag lacks knowledge or information sufficient to answer and otherwise denies them.

58. Answering paragraph 58, Kern Ag denies each and every allegation contained in paragraph 58 of Plaintiff's Complaint.

59. Answering paragraph 59, Kern Ag denies the allegations in this paragraph to the extent that they purport to summarize the applicable law or the various defendants' legal obligations.

60. Answering paragraph 60, Kern Ag denies each and every allegation contained in paragraph 60 of Plaintiff's Complaint.

## FIFTH CAUSE OF ACTION

## WAITING TIME PENALTIES UNDER LABOR CODE §203

61. Answering paragraph 61, Kern Ag incorporates by reference each admission, denial and allegation set forth in paragraphs 1 through 60 above.

62. Answering paragraph 62, Kern Ag admits that some class members are no longer employed by Kern Ag, as they were either fired or quit. Except as so admitted, Kern Ag denies each and every remaining allegation contained in paragraph 62 of Plaintiff's Complaint.

63. Answering paragraph 63, Kern Ag denies each and every allegation contained in paragraph 63 of Plaintiff's Complaint.

64. Answering paragraph 64, Kern Ag denies each and every allegation contained in paragraph 64 of Plaintiff's Complaint.

## SIXTH CAUSE OF ACTION

## UNFAIR COMPETITION PURSUANT TO BUSINESS & PROFESSIONS CODE §17200

65. Answering paragraph 65, Kern Ag incorporates by reference each admission, denial and allegation set forth in paragraphs 1 through 64 above.

66. Answering paragraph 66, Kern Ag is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein, and on that basis denies each and

MCCORMICK, BARSTOW, SHEPPARD, WAYTE & CARRUTH LLP
7647 NORTH FRESNO STREET
FRESNO, CA 93720

every allegation contained in paragraph 66 of Plaintiff's Complaint.

67. Answering paragraph 67, Kern Ag is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein, and on that basis denies each and every allegation contained in paragraph 67 of Plaintiff's Complaint.

68. Answering paragraph 68, Kern Ag denies the allegations in this paragraph to the extent that they purport to summarize the applicable law or the various defendants' legal obligations.

69. Answering paragraph 69, Kern Ag is without sufficient knowledge or information to form a belief as to the truth of the allegations contained therein, and on that basis denies each and every allegation contained in paragraph 69 of Plaintiff's Complaint.

70. Answering paragraph 70, Kern Ag denies each and every allegation contained in paragraph 70 of Plaintiff's Complaint.

71. Answering paragraph 71, Kern Ag denies each and every allegation contained in paragraph 71 of Plaintiff's Complaint.

72. Answering paragraph 72, Kern Ag denies each and every allegation contained in paragraph 72 of Plaintiff's Complaint.

73. Answering paragraph 73, Kern Ag denies each and every allegation contained in paragraph 73 of Plaintiff's Complaint.

74. Answering paragraph 74, Kern Ag denies each and every allegation contained in paragraph 74 of Plaintiff's Complaint.

## AFFIRMATIVE DEFENSES

Pursuant to Federal rule of Civil Procedure rule 8(c),Kern Ag sets forth the following matter constituting an avoidance or affirmative defense:

### FIRST AFFIRMATIVE DEFENSE

Kern Ag asserts that Plaintiff's Complaint and each and every cause of action therein stated, fails to state a claim upon which relief may be granted against this answering defendant.

### SECOND AFFIRMATIVE DEFENSE

Kern Ag is informed and believes and upon such information and belief alleges that plaintiff, by the exercise of reasonable effort and/or care, could have mitigated the damages alleged to have

McCormick, Barstow, Sheppard, Wayte & Carruth LLP
7647 North Fresno Street
Fresno, CA 93720

been suffered, but Plaintiff has failed, neglected and refused and continues to fail and refuse, the exercise of reasonable effort to mitigate the damages.

**THIRD AFFIRMATIVE DEFENSE**

Kern Ag alleges that the Complaint is barred, or any claimed recovery should be reduced because of plaintiff's own neglect and fault in connection with the matters alleged.

**FOURTH AFFIRMATIVE DEFENSE**

Kern Ag alleges that the Complaint is barred by the applicable statute of limitations including but not limited to that provided for in CCP § 335 et seq.

**FIFTH AFFIRMATIVE DEFENSE**

Kern Ag alleges that the Complaint fails to state facts sufficient to form the basis for an award of penalties, and any award of penalties in this case would violate the due process, equal protection and excessive fines provisions of the California and United States Constitutions.

**SIXTH AFFIRMATIVE DEFENSE**

Kern Ag alleges that it exercised reasonable care to prevent and promptly correct any unlawful behavior and plaintiff unreasonably failed to take advantage of the preventive and corrective opportunities provided by plaintiff's employer, or to otherwise avoid harm.

**SEVENTH AFFIRMATIVE DEFENSE**

Kern Ag alleges that Plaintiff is estopped by his conduct from asserting each of the causes of action upon which he seeks relief.

**EIGHTH AFFIRMATIVE DEFENSE**

Kern Ag alleges that the Complaint, and each and every cause of action therein are barred by the doctrine of waiver.

**NINTH AFFIRMATIVE DEFENSE**

Kern Ag alleges that the Complaint, and each and every cause of action therein are barred, in whole or in part, because Plaintiff consented to the conduct about which she now complains.

**TENTH AFFIRMATIVE DEFENSE**

Kern Ag alleges that plaintiff unreasonably delayed in providing notice and in commencing and prosecuting this action which caused unfair prejudice to this answering defendant, barring any



MCCORMICK, BARSTOW, SHEPPARD, WAYTE & CARRUTH LLP
7647 NORTH FRESNO STREET
FRESNO, CA 93720

recovery under the equitable doctrine of laches.

**ELEVENTH AFFIRMATIVE DEFENSE**

Kern Ag alleges that should plaintiff recover damages against any third party, this answering defendant is entitled to have the amount abated, reduced or eliminated to the extent the third parties' fault caused or contributed to plaintiff's damages, if any.

**TWELFTH AFFIRMATIVE DEFENSE**

Kern Ag alleges that the sole and/or proximate cause of the damages claimed by plaintiff was and is due to the willful and intentional acts of persons and/or entities other than this answering defendant.

**THIRTEENTH AFFIRMATIVE DEFENSE**

Kern Ag asserts that should any liability be found, which liability is expressly denied, this answering defendant is entitled to have any award against them abated reduced or eliminated to the extent that the negligence carelessness fault or defects caused by the remaining parties in this action or by other persons corporations or business entities contributed to plaintiffs' damages, if any.

**FOURTEENTH AFFIRMATIVE DEFENSE**

Kern Ag alleges that plaintiff is not entitled to the relief sought by reason of his/her own unclean hands with regard to the matters alleged in the complaint.

**FIFTEENTH AFFIRMATIVE DEFENSE**

Kern Ag asserts that performance of any alleged obligation to which full performance has not been rendered, which defendant expressly denies, performance of said obligation has been excused by the acts and omissions of plaintiff or his/her agents excluding this answering defendant.

**SIXTEENTH AFFIRMATIVE DEFENSE**

Kern Ag alleges that plaintiff is barred from recovery of any damages on the grounds that plaintiff prevented this answering defendant from performing certain obligations or duties in the alleged contract.

**SEVENTEENTH AFFIRMATIVE DEFENSE**

Kern Ag asserts that Plaintiff has been paid and/or received all wages due to her by virtue of her employment.

McCormick, Barstow, Sheppard, Wayte & Carruth LLP
7647 North Fresno Street
Fresno, CA 93720

**EIGHTEENTH AFFIRMATIVE DEFENSE**

Kern Ag asserts that the Complaint and each and every cause of action therein cannot be maintained because, without admitting that any violation took place, Defendant alleged that any violation of the California Labor Code or of a Wage Order of the Industrial Welfare Commission was an act or omission made in good faith, and that in any participation in such acts, Defendant had reasonable grounds for believing that the act or omission was not a violation of the California Labor Code or any Wage Order of the Industrial Welfare Commission.

**NINETEENTH AFFIRMATIVE DEFENSE**

Kern Ag asserts that assuming, arguendo, that Plaintiff is entitled to additional compensation, Defendant has not willfully or intentionally failed to pay any such additional compensation to Plaintiff to justify any award of penalties or fees.

**TWENTIETH AFFIRMATIVE DEFENSE**

Kern Ag asserts that the request for restitution, declaratory relief, and/or injunctive relief is barred with respect to any and all alleged violations of California Business and Professions Code section 17200, *et seq.* that have discontinued, ceased, and are not likely to recur.

**TWENTY-FIRST AFFIRMATIVE DEFENSE**

Kern Ag asserts that their business actions or practices were not unfair, unlawful, fraudulent or deceptive within the meaning of California Business and Professions Code section 17200, *et seq.*

**TWENTY-SECOND AFFIRMATIVE DEFENSE**

Kern Ag asserts that the causes of action as pled in the Complaint are barred on the grounds that Plaintiff is not an adequate class representative.

**TWENTY-THIRD AFFIRMATIVE DEFENSE**

Kern Ag asserts that the causes of action as pled in the Complaint are barred because there are not sufficiently numerous individuals within the definition of the class to constitute a proper class action.

**TWENTY-FOURTH AFFIRMATIVE DEFENSE**

Kern Ag asserts that the causes of action as pled in the Complaint are barred because the representative plaintiff's claims are not typical of claims by the other putative class members and are



McCormick, Barstow, Sheppard, Wayte & Carruth LLP
7647 North Fresno Street
Fresno, CA 93720

subject to unique defenses by this answering defendant.

**TWENTY-FIFTH AFFIRMATIVE DEFENSE**

Kern Ag asserts that the causes of action as pled in the Complaint are barred on the grounds that common questions of law or fact do not predominate in this case.

**TWENTY-SIXTH AFFIRMATIVE DEFENSE**

Kern Ag asserts that the causes of action as pled in the Complaint are barred on the grounds that a class action is not the superior method of adjudication in this case.

**TWENTY-SEVENTH AFFIRMATIVE DEFENSE**

Kern Ag asserts that the causes of action as pled in the Complaint are barred on the grounds that a class action is not warranted because Plaintiff is not similarly situated to other proposed class members.

**TWENTY-EIGHTH AFFIRMATIVE DEFENSE**

Kern Ag asserts that the causes of action as pled in the Complaint are barred because any alleged work performed by Plaintiff or putative class members through rest periods was done in violation of this answering defendant's policies.

**TWENTY-NINTH AFFIRMATIVE DEFENSE**

Kern Ag asserts that the causes of action as pled in the Complaint are barred on the grounds that Plaintiff and all putative class members were provided with all rest periods during the class period.

**THIRTIETH AFFIRMATIVE DEFENSE**

Kern Ag asserts that the causes of action as pled in the Complaint are barred on the grounds that Plaintiff and putative class members were paid for all rest periods that were in fact taken.

**THIRTY-FIRST AFFIRMATIVE DEFENSE**

Kern Ag asserts that Plaintiff's claims allege violations that are, in whole or in part, *de minimis*.

**THIRTY-SECOND AFFIRMATIVE DEFENSE**

Kern Ag asserts that Plaintiff and the putative class members are not entitled to recover equitable relief because they have an adequate remedy at law.



MCCORMICK, BARSTOW, SHEPPARD, WAYTE & CARRUTH LLP
7647 NORTH FRESNO STREET
FRESNO, CA 93720

**THIRTY-THIRD AFFIRMATIVE DEFENSE**

Kern Ag asserts that it is immune from liability due to compliance with the provisions of Labor Code section 226.2.

**RELIEF REQUESTED**

WHEREFORE, Kern Ag prays as follows:

1. For Plaintiff to take nothing;
2. For Plaintiff's Complaint to be dismissed with prejudice;
3. For Defendants to be awarded reasonable attorney's fees and costs incurred in defending this action;
4. For such other further relief that the Court deems just and proper.

Dated: August 16, 2016

McCORMICK, BARSTOW, SHEPPARD, WAYTE & CARRUTH LLP

By: */s/ D. Greg Durbin*
D. Greg Durbin
Laura A. Wolfe
Attorneys for Defendants Cal-Pacific Farm Management, L.P., T&R Bangi's Agricultural Services, Inc. and Kern Ag Labor Management, Inc.

12391-00001 4044662.1

## PROOF OF SERVICE

**STATE OF CALIFORNIA, COUNTY OF FRESNO**

At the time of service, I was over 18 years of age and **not a party to this action**. I am employed in the County of Fresno, State of California. My business address is 7647 North Fresno Street, Fresno, CA 93720.

On August 16, 2016, I served true copies of the following document(s) described as **DEFENDANTS CAL-PACIFIC FARM MANAGEMENT, L.P., T&R BANGI'S AGRICULTURAL SERVICES, INC. AND KERN AG LABOR MANAGEMENT, INC.'S ANSWER TO PLAINTIFF'S CLASS ACTION COMPLAINT FOR DAMAGES** on the interested parties in this action as follows:

**SEE ATTACHED SERVICE LIST**

**BY CM/ECF NOTICE OF ELECTRONIC FILING:** I electronically filed the document(s) with the Clerk of the Court by using the CM/ECF system. Participants in the case who are registered CM/ECF users will be served by the CM/ECF system. Participants in the case who are not registered CM/ECF users will be served by mail or by other means permitted by the court rules.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on August 16, 2016, at Fresno, California.

*/s/ Nicole D. lee*
Nicole D. Lee

**SERVICE LIST**
**Isidro Paniagua v Delano Farms Company**
**1:16-cv-00907-DAD-JLT**

Mario Martinez, Esq.
Thomas Patrick Lynch, Esq.
Edgar I. Aguilasocho, Esq.
Anna K. Walther, Esq.
MARTINEZ AGUILASOCHO & LYNCH, APLC
P.O. Box 11208
Bakersfield, CA 93389
Telephone: (661) 859-1174
Facsimile: (661) 840-6154
Email: mmartinez@farmworkerlaw.com
Attorneys for Plaintiff

William C. Callaham, Esq.
LAW OFFICE OF WILCOXEN CALLAHAM, LLP
2114 K Street,
Sacramento, CA 95816
Telephone (916) 442-2777
Fax (916) 442-4118
Attorneys for Plaintiff

Gregory J. Ramirez, Esq.
Allen R. Ball, Esq.
LAW OFFICE OF BALL & YORKE
1001 Partridge Drive, Suite 330
Ventura, California 93003
Telephone: (805) 642-5177
Facsimile: (805) 642-4622
Attorneys for Plaintiff

William C. Hahesy, Esq.
LAW OFFICES OF WILLIAM C. HAHESY
225 West Shaw Avenue, Suite 105
Fresno, CA 93704
(559) 579-1230
Fax: (559) 579-1231
Email: bill@hahesylaw.com
Attorneys for Defendant Delano Farms Company

David N. Bruce, Esq. PHV
James P. Savitt, Esq.PHV
Miles A. Yanick, Esq. PHV
Sarah Gohmann Bigelow, Esq. PHV
SAVITT BRUCE & WILLEY LLP
1425 Fourth Avenue, Suite 800
Seattle, WA 98101
Tel: 206-749-0500
Fax: 206-749-0600
Email: dbruce@sbwllp.com
jsavitt@sbwllp.com
myanick@sbwllp.com
sgohmannbigelow@sbwllp.com
Attorneys for Defendant Delano Farms Company